IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELLEHUGH CROSS,

    Plaintiff,

vs.    No. 4:04cv00949 SWW

UNITED AUTO WORKERS, LOCAL
1762, IC CORPORATION (FORMERLY
AMERICAN TRANSPORTATION
CORPORATION),

    Defendants.

## ORDER

This is an action brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to redress separate defendant United Auto Workers, Local 1762's (hereinafter "Union") alleged breach of its statutory duty of fair representation and separate defendant IC Corporation's (or the "Company") alleged wrongful discharge of plaintiff Ellehugh Cross following a disturbance at work that allegedly constituted breach of the collective bargaining agreement. By Memorandum and Order entered September 15, 2005 [doc.#34], this Court granted the motions of IC Corporation and the Union for summary judgment and entered Judgment dismissing this case. Plaintiff has appealed.

Now before the Court is IC Corporation's Bill of Costs [doc.#39], requesting fees for the Court reporter in the amount of $1,000.10, fees for copies in the amount of $137.20, and docket fees in the amount of $144.11, for a total of $1,281.41. Cross does not argue that these fees were not necessarily incurred by IC Corporation in the defense of this case or that they are otherwise excessive, but argues that his action was non-frivolous; awarding costs to the prevailing

defendant could have a chilling effect on union members bringing such a cause of action; plaintiff is now making wages below the poverty level delivering papers; and IC Corporation can unquestionably bear its own costs without hardship.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).

Plaintiff essentially argues that this Court should exercise its discretion and deny costs altogether on grounds that he is a person of very limited financial sources as compared to IC Corporation. This, however, is not a basis for denying costs, at least on this record. While it is true that a person may overcome the presumption favoring the award of costs to the prevailing party by a showing of indigency, *Sanglap v. Lasalle Bank, FSB*, 194 F.Supp.2d 798, 801 (N.D.Ill. 2002) (citing *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir.), *cert. denied*, 513 U.S. 889 (1994)), actual indigency, not merely limited financial resources must be demonstrated. *Id.* (citations omitted).[1] Here, plaintiff had the services of retained counsel and he has not submitted an affidavit indicating actual indigency (much less limited financial resources) and that he is unable to pay the costs at this time or at some point in the future. *Cf. McGill*, 18 F.3d at 459 ("McGill failed to establish in this record that he was incapable of paying the court-imposed costs at this time or in the future"); *Galvan v. Cameron Mutual Ins. Co.*, 831 F.2d 804, 805-06

---

[1] In an unpublished per curiam, the Eighth Circuit went even further, holding in a case affirming an award of costs despite claims of indigency that "[a] prevailing party may recover costs as a matter of course, if not precluded by federal law, whether the unsuccessful party is fee-paying or indigent." *Jackson v. Unknown Smith*, 116 F.3d 480 (8th Cir. 1997) (citing, *inter alia*, *McGill*, 18 F.3d at 459).

(8th Cir. 1987) (per curiam) (appellate courts may assess costs against in forma pauperis litigants).

The Court finds that fees for the Court reporter in the amount of $1,000.10, fees incurred for copies in the amount of $137.20, and docket fees in the amount of $144.11, for a total of $1,281.41, were necessarily incurred in the defense of this action. Additionally, when an expense, such as necessary photocopies, is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citations omitted). The losing party bears the burden of making the showing that an award is inequitable under the circumstances. *Id.* Plaintiff has not met his burden of showing that the award is inequitable under the circumstances.[2]

IT IS THEREFORE ORDERED that defendant IC Corporation be awarded fees for the Court reporter in the amount of $1,000.10, fees for copies in the amount of $137.20, and docket fees in the amount of $144.11, for a total of $1,281.41.

Dated this 28th day of November, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] The Court rejects any suggestion that an award of costs will have a chilling effect on litigants such as plaintiff. "Non-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it'" and "must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook." *McGill*, 18 F.3d at 460.